UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED MOON, ALFRED MOON, JR.,
CHERYL MOON and MEGAN WHITE,

    Plaintiffs/Counter-Defendants,

v.                                                                                          CASE NO. 8: 13-cv-02782-EAK-EAJ

MEDICAL TECHNOLOGY ASSOCIATES,
INC.,

    Defendant/Counter-Claimant.
_____/

## ORDER DENYING PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION FOR STAY PENDING APPEAL

This cause comes before the Court on Counter-Defendants', ALFRED MOON, ALFRED MOON, JR., CHERYL MOON, and MEGAN WHITE (collectively the "Counter-Defendants"), Motion for Stay Pending Appeal ("Motion"), (Doc. # 48), filed March 10, 2014, and Counter-Claimant's, MEDICAL TECHNOLOGY ASSOCIATES, INC. ("MTA"), Response in Opposition, (Doc. # 49), filed March 13, 2014. For the reasons that follow, the Counter-Defendants' Motion is **DENIED**.

### I. Background

On December 20, 2013, MTA moved this Court for a preliminary injunction, which sought to enforce restrictive covenants contained in the respective employment contracts between MTA and the individual counter-defendants. (Doc. # 8). Specifically, MTA moved to restrain the Counter-Defendants from engaging in a competing business, using or disclosing confidential and proprietary information, and interfering with MTA's substantial relationships with its customers,

prospective customers, and suppliers. Id. On January 21, 2014, Counter-Defendants filed their collective Memorandum of Law in opposition to the preliminary injunction. (Doc. ## 17, 18).

The Court held non-evidentiary oral arguments the afternoon of February 7, 2014, and afforded the attorneys equal, hour-long allotments to present their respective cases and arguments. On February 18, 2014, the Court entered its Order Granting in Part and Denying in Part MTA's Motion for Preliminary Injunction, finding MTA met the legal standards for the issuance of a preliminary injunction. (Doc. # 35). Specifically, MTA demonstrated: 1) a likelihood that it would prevail on the merits of its breach of contract claims against Counter-Defendants; 2) it suffered and would continue to suffer irreparable harm if the injunction did not issue; 3) the balancing of equities favored MTA, as it was losing customers, revenue, and goodwill; and 4) the entry of a preliminary injunction would not disserve public interest, but rather further the public interest, as it would promote the protection and enforcement of contractual rights. Id. Counter-Defendants filed their Notice of Interlocutory Appeal on March 7, 2014, (Doc. # 45), and filed the subject Motion March 10, 2014. (Doc. # 48). MTA filed its Response in Opposition March 13, 2014. (Doc. # 49).

## II. Legal Standard

To prevail on a motion to stay under Federal Rule of Civil Procedure 62, a movant has the burden of demonstrating the following four factors: 1) a strong showing that [it is] likely to succeed on the merits; 2) it will suffer irreparable injury absent a stay; 3) the issuance of a stay would not substantially injure other parties; and 4) where the public interest lay. Nken v. Holder, 556 U.S. 418, 434 (2009).

## III. Analysis

### A. Counter-Defendants Fail to Demonstrate a Strong Showing They Are Likely to Succeed on the Merits of Their Appeal

Counter-Defendants assert the Court erred in failing to conduct an evidentiary hearing prior to granting MTA's request for a preliminary injunction, and base this contention on precedent from the Eleventh Circuit Court of Appeals. (Doc. # 48). However, as MTA argues, Counter-Defendants have both failed to provide any application of the precedent, and the cases are distinguished from the case at bar. In McDonald's Corp. v. Robertson, the Eleventh Circuit Court of Appeals opined it is "plainly wrong" to contend that the existence of conflicting evidence should preclude the issuance of a preliminary injunction without an evidentiary hearing. 147 F.3d 1301, 1311 (11th Cir. 1998). Rather, the court urged an analysis of the disputed evidence, specifically whether the dispute turned on the materiality of the conflicting evidence, or the inferences drawn therefrom. Id. An evidentiary hearing is likely required for the former, but not the latter, so long as a respondent is afforded a "fair opportunity to oppose the application and [] prepare for such opposition," as required under Federal Rule of Civil Procedure 65. Id.

At the hearing, Counter-Defendants did not dispute they were competing, and in fact conceded the point, but instead disputed the applicability of the contracts to their actions and certain details of their trips to, and interactions with, MTA's existing customers and suppliers. The Court determined the covenants applied to the Counter-Defendants, and further analyzed their actions of circumventing MTA to lure business to their newly-created company: 1) Counter-Defendants used confidential bid information from MTA to underbid MTA for a contract with Spearfish Regional Hospital; and 2) Counter-Defendants worked in concert to divert an inspection job worth $1,500.00 with J.M. Brennan, Inc. (Doc. # 35). The Counter-Defendants have failed to demonstrate which <u>material</u> <u>facts</u> are either "bitterly disputed" or "hotly contested," and thus fail

to demonstrate their likelihood of success with respect to the denial of an evidentiary hearing. See Four Seasons Hotels & Resorts, B.V. v. Consorcio Bar, S.A., 320 F.3d 1205, 1211 (11th Cir. 2003) (finding error where district court failed to hold evidentiary hearing to resolve hotly contested issues); see also CBS Broadcasting, Inc. v. EchoStar Communications Corp., 265 F.3d 1193, 1207–1208 (11th Cir. 2001) (requiring evidentiary hearing when interpretations of conflicting affidavits give rise to competing plausible interpretations); see also All Care Nursing Serv. V. Bethesda Mem. Hosp., Inc., 887 F.2d 1535, 1537–1538 (11th Cir. 1989) (mandating evidentiary hearing when "injunction turns on the resolution of bitterly disputed facts").

### B. Counter-Defendants Fail to Demonstrate They Will Suffer Irreparable Injury Absent a Stay

Counter-Defendants next contend they will suffer irreparable injury absent the stay, as they are now restrained from conducting business with or soliciting MTA's customers, and also must inform said customers they may not accept business in violation of the restrictive covenants. As MTA illustrates, the Counter-Defendants have presented not one scintilla of evidence to demonstrate the irreparable harm of complying with the original restrictive covenants and sending letters in accord with the Court's Order. The Counter-Defendants entered into contracts with MTA after MTA paid a substantial sum of money for the Counter-Defendants business and good will. The Counter-Defendants breached those contracts, and must deal with the consequences that flow from such a breach.

### C. Counter-Defendants Fail to Demonstrate a Stay Will Not Cause Substantial Injury to MTA

This Court has previously analyzed the injury MTA would suffer absent the issuance of a preliminary injunction, (Doc. # 35, pp.4–6), and by reference reincorporates that analysis hereto. Counter-Defendants have failed to demonstrate how MTA, faced with Counter-Defendants blatant

and brazen violations of the restrictive covenants and continued use of confidential information, would not suffer substantial injury. Therefore, Counter-Defendants fail to meet this burden.

### D. Counter-Defendants Fail to Demonstrate the Public Interest Favors a Stay

Counter-Defendants finally contend a stay is in the public interest due to MTA's failure to establish the validity and breach of restrictive covenants applicable to the Counter-Defendants' actions, and that the resulting restraint "goes even beyond what was contemplated in [the] non-compete agreements with" Counter-Defendants. (Doc. # 48, p.4). While Counter-Defendants fail to clarify how the resulting restraint eclipses the original intent and scope of the non-compete agreements, the Court reads this argument in concert with Counter-Defendants prior argument that they are now required to send letters to MTA customers in accord with the Court's Order. This Court found Counter-Defendants in violation of the restrictive covenants, MTA suggested a minimal remedial measure requiring Counter-Defendants to inform these customers of such violations, and the Court agreed. Counter-Defendants blatantly violated the covenants of their respective employment contracts, and are left with the consequences of their behavior. Public interest favors the protection and enforcement of contractual rights, and the Court has taken the necessary steps to not only enforce the contractual rights, but also protect the contractual rights through a reasonable and fair restrain on trade.

### E. An Interim Stay is Not Warranted

Counter-Defendants request, in the alternative, an interim stay for a temporary basis to seek a stay with the Eleventh Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 8. Counter-Defendants fail to demonstrate the basis for which this exceptional relief would be appropriate, and instead cite a case from the Middle District of Florida in which a father was granted a one-week temporary stay to seek appellate review of an order requiring the father to

forfeit his children's passports and identification paperwork to the mother. Olesen-Frayne v. Olesen, 2009 WL 1184686 (M.D. Fla. 2009). The Olesen court held the father's interim stay request to the same legal standard as stay under Rule 62, and, while the father failed to meet that standard, the court fashioned a temporary remedy in which the father was still required to substantially comply with the court's injunctive order—rather than return the passports and identification paperwork to the mother, the father was required to deposit the passports and identification paperwork with the clerk of court for the duration of the week-long interim stay. Counter-Defendants have not proposed any actions that would mirror the Olesen court's protective and temporary remedy.

Based on the foregoing, this Court finds that Counter-Defendants have failed to demonstrate the requirements necessary to stay the preliminary injunction, or in the alternative, avail themselves to the benefits of an interim stay. Accordingly, it is

**ORDERED and ADJUDGED** that:

1. Counter-Defendants', ALFRED MOON, ALFRED MOON, JR., CHERYL MOON, and MEGAN WHITE, Motion for Stay Pending Appeal is **DENIED**; and

2. Counter-Defendants', ALFRED MOON, ALFRED MOON, JR., CHERYL MOON, and MEGAN WHITE, Request for Interim Stay is **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 19th day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record