UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED MOON, ALFRED MOON, JR.,
CHERYL MOON and MEGAN WHITE,

    Plaintiffs/Counter-Defendants,

v.                                        CASE NO. 8: 13-cv-02782-EAK-EAJ

MEDICAL TECHNOLOGY ASSOCIATES,
INC.,

    Defendant/Counter-Claimant.
_____/

## ORDER DENYING PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION TO RECUSE

This cause comes before the Court on Counter-Defendants', ALFRED MOON, ALFRED MOON, JR., CHERYL MOON, and MEGAN WHITE (collectively the "Counter-Defendants"), Motion to Recuse ("Motion"), (Doc. # 64), filed September 25, 2014, and Counter-Claimant's, MEDICAL TECHNOLOGY ASSOCIATES, INC. ("MTA"), Response in Opposition, (Doc. # 65), filed October 9, 2014. For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND

On December 20, 2013, MTA moved this Court for a preliminary injunction, which sought to enforce restrictive covenants contained in the respective employment contracts between MTA and the individual counter-defendants. (Doc. # 8). Specifically, MTA moved to restrain the Counter-Defendants from engaging in a competing business, using or disclosing confidential and proprietary information, and interfering with MTA's substantial relationships with its customers, prospective customers, and suppliers. Id. On January 21, 2014, Counter-Defendants filed their collective Memorandum of Law in opposition to the preliminary injunction. (Docs. ## 17, 18).

The Court held non-evidentiary oral arguments the afternoon of February 7, 2014, and afforded the attorneys equal, hour-long allotments to present their respective cases and arguments. On February 18, 2014, the Court entered its Order Granting in Part and Denying in Part MTA's Motion for Preliminary Injunction, finding MTA met the legal standards for the issuance of a preliminary injunction. (Doc. # 35). Counter-Defendants appealed, (Doc. # 45), and during the pendency of the appeal both the United States Court of Appeals for the Eleventh Circuit and this Court denied Counter-Defendants' request for stay. On August 18, 2014, the United States Court of Appeals for the Eleventh Circuit vacated the injunction and remanded this matter for an evidentiary hearing. (Doc. # 60). Anticipating a remand within 30 days, the Court attempted to confer with respective counsel to determine an acceptable date and time to hold the evidentiary hearing. The Court briefly discussed with counsel for MTA all upcoming deposition dates, outstanding discovery, whether objections were pending to discovery, and the amount of time counsel needed for the evidentiary hearing. Counsel for Counter-Defendants refused to discuss the matter verbally, and the Court issued an Order directing both parties to provide the information necessary for the Court to schedule an evidentiary hearing.

On September 25, 2014, Counter-Defendants moved to recuse the Court, (Doc. # 64), and on October 9, 2014, MTA filed its written opposition. (Doc. # 65).

## **LEGAL STANDARD**

A judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). The purpose of Section 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988); see U.S. v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (requiring recusal when the objective circumstances create an

appearing of partiality). Recusal is appropriate when "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Actual bias is not necessary; any doubts must resolve in favor of the moving party. Liteky v. U.S., 510 U.S. 540, 548 (1994); U.S. v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989); U.S. v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

## DISCUSSION

Counter-Defendants cite three bases for recusal: "(1) the Court's uncritical adoption of MTA's proposed injunction order; (2) the Court's issuance of an Order which includes language indicating that the merits of the case have already been decided; and (3) the Court's initiation of lengthy ex parte contact with counsel." (Doc. # 64). MTA responded to each basis, arguing (1) the Court was critical of the proposed order and denied certain relief; (2) the language at issue references elements of the stay; and (3) the alleged ex parte contact was neither lengthy nor inappropriate in nature. (Doc. # 65).

### A. The Proposed Order

The Court's partial use of a proposed order—when the Court independently determined the merits of the case—does not serve as a basis for recusal. The Court granted both MTA and Counter-Defendants equal time at the hearing, the opportunity to proffer evidence, and present all arguments. After due consideration of all arguments presented at the initial hearing, the Court found MTA met its burden; however, the Court did not adopt the proposed order without critique. The Court added and deleted specific findings, and, notably, refused to grant MTA's request for

enjoining Counter-Defendants from interfering with suppliers to the extent those interactions and dealings with suppliers did not utilize confidential information.

### B. The Stay Order

The United States Court of Appeals for the Eleventh Circuit vacated this Court's initial findings due to the absence of an evidentiary hearing. The language contained in the stay order reflected the Court's recollection of the presentation of arguments and admissions made at the initial hearing, not bias or prejudice; however, the Eleventh Circuit vacated and remanded the proceedings, and MTA now faces a different burden and Counter-Defendants are afforded the opportunity to rebut the evidence presented. This Court has no pre- or ill-conceived notions about respective counsel or the position of the parties; the parties are back at square one, and this Court must analyze the case based on the respective presentations to be made at the evidentiary hearing. As the Supreme Court of the United States held, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand." Liteky v. U.S., 510 U.S. at 551.

### C. Communication with Counsel

The Court contacted counsel for the purpose of determining a realistic, feasible, and mutually-agreeable date and time for conducting the evidentiary hearing. The Court's law clerk communicated with MTA's counsel solely concerning dates and matters that would preclude an evidentiary hearing from taking place. The Court's law clerk did not discuss any substance or details of the discovery conducted, outstanding discovery, depositions, or the objections or oppositions. When the Court's law clerk contacted counsel for Counter-Defendants, counsel stated his reservations, and insisted all further communications take place in writing. Based on those reservations, and the Court's inability to verbally communicate with counsel, the Court crafted an

order intended to cover all matters that could potentially delay or interfere with the scheduling of an evidentiary hearing.

Based on the foregoing, and considering both Counter-Defendants and MTA's pleadings on this matter, the Court cannot find that an objective, disinterested lay observer fully informed of the facts would have significant doubt about this Court's impartiality.  Accordingly, it is

**ORDERED** and **ADJUDGED** that Counter-Defendants' Motion to Recuse is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record